[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13689
_____

D. C. Docket Nos. 8:10-cv-01973-SCB-MAP; 8:06-cr-00199-SCB-MSS-2

BOBBY GENE KILGORE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 21, 2013)

Before MARTIN and ANDERSON, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

_____

*Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida,
sitting by designation.

Bobby Gene Kilgore appeals the district court's dismissal of his § 2255 petition for being untimely.   The district court dismissed his motion because neither this Court nor the Supreme Court had held that <u>Johnson v. United States</u>, 559 U.S. 133, 130 S. Ct. 1265 (2010), applied retroactively, and Kilgore's petition was only timely if either had so held.   On appeal, the Government agrees with Kilgore that <u>Johnson</u> should apply retroactively but argues that there are other reasons to affirm. We address only one of these reasons, and agree with the Government that the judgment of the district court should be affirmed.[1]

## I.    FACTS AND PROCEDURAL HISTORY

Kilgore was indicted for distributing, and aiding and abetting in the distribution of, cocaine base, and he pleaded guilty.   The Probation Office classified Kilgore as a career offender under U.S.S.G. § 4B1.1 based on his convictions for battery on a law enforcement officer and possession of cocaine with intent to sell or deliver.   The enhancement raised his base offense level from 30 to 34, although this was reduced by three for acceptance of responsibility.   Kilgore's applicable guidelines range was 188-235 months and the court sentenced him to 188 months'

---

[1]        "We may affirm the decision of the district court on any ground that finds support in the record ...."   <u>United States v. Campa</u>, 529 F.3d 980, 998 (11th Cir. 2008).

imprisonment.   Without the four-level career offender enhancement and factoring in Kilgore's three-level reduction for acceptance of responsibility, the applicable advisory guidelines range would have been 130-162 months.   His conviction became final on November 20, 2007.

Almost three years later, Kilgore filed this § 2255 petition *pro se*, alleging that the district court erroneously classified and sentenced him as a career offender in light of the intervening Supreme Court decision in Johnson.   In Johnson, the Court held that convictions for battery on a law enforcement officer under Florida law are not categorically a "violent felony" for purposes of the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[2]   559 U.S. at __, 130 S. Ct. at 1272.   The district court denied Kilgore's motion as untimely, stating that neither the Supreme Court nor this Court had held that Johnson applied retroactively. Kilgore filed a motion for reconsideration on April 15, 2011, and the district court denied it on June 8, 2012.   Kilgore appealed and this court granted his Certificate of Appealability ("COA") on the issue of timeliness only.

---

[2]     When determining whether an offense is a crime of violence under § 4B1.1, "we also rely on cases interpreting the residual clause of the Armed Career Criminal Act [ACCA], 18 U.S.C. § 924(e), because the § 4B1.2 definition of 'crime of violence' and ACCA's definition of 'violent felony' are substantially the same."   United States v. Chitwood, 676 F.3d 971, 975 n.2 (11th Cir. 2012).

3

## II.  DISCUSSION

The COA in this case asks "Whether the district court erred in finding that Mr. Kilgore's 28 U.S.C. § 2255 motion to vacate was untimely filed?"   Kilgore urges this Court to hold that Johnson is retroactively applicable on collateral review, arguing that if it is, his petition was timely.   That is, although Kilgore filed his § 2255 petition almost three years after his conviction became final, his petition would nevertheless be timely if he could qualify for the delayed commencement of the statute of limitations pursuant to § 2255(f)(3).[3]   Thus, if Johnson is retroactive, and if Johnson provides the relevant rule governing Kilgore's status as a career offender, then Kilgore would have been entitled to relief.   On appeal, the Government concedes that Johnson is retroactive, so we can assume arguendo that it is. However, contrary to Kilgore's argument, Johnson does not provide the relevant rule governing whether or not Kilgore is a career offender.

---

[3]        Section 2255(f)(3) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> . . .
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . .

28 U.S.C. § 2255(f).

4

At his initial sentencing, the district court determined that Kilgore's battery on a law enforcement officer was a crime of violence for the purposes of U.S.S.G. §4B1.1.   The Court in Johnson held that battery on a law enforcement officer was not categorically a crime of violence under the elements clause of the ACCA.   The Court instructed that the type of "physical force" required under the ACCA's elements clause is "violent force—that is, force capable of causing physical pain or injury to another person."   Id. at __, 130 S. Ct. at 1271 (holding that simple battery—the actual and intentional touching of another—does not constitute a predicate offense because the ACCA requires "violent force," not merely offensive contact).   However, the Supreme Court in Johnson did not reach the issue of whether Johnson's offense was a crime of violence under the modified categorical approach to the elements clause or under the residual clause.

A panel of this Court, however, has reached those reserved issues.

Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328 (11th Cir. 2013). In Turner, we observed that the Court in Johnson "expressly noted that it had no occasion to examine the offense using the modified categorical approach . . . nor did it have reason to review the statute under the residual clause."   Id. at 1339. Johnson's sole holding—that Florida's battery on a law enforcement officer is not categorically a crime of violence under the elements clause—did not govern the

5

Turner case.    Addressing the issues reserved in Johnson, the Turner panel first applied the modified categorical approach.    Examining the undisputed facts in the PSR, the panel noted that Turner had fled from the officers, resisting arrest, and pushed one deputy against a wall.    The panel held that this qualified as a crime of violence under the modified categorical approach.    Id. at 1340.

Alternatively, the Turner panel also held that Turner's battery on a law enforcement officer qualified as a crime of violence under the residual clause, because of the risk of physical injury to another when a person commits battery on a law enforcement officer while resisting arrest.

We conclude that Turner's alternate holding—that Florida's offense of battery on a law enforcement officer is a crime of violence under the residual clause—controls this case.    The undisputed facts as set forth in Kilgore's PSR state that Kilgore took flight upon being spotted prowling in a residential area and refused to identify himself.    When he was caught by the officers, he physically resisted arrest.    As we held in Turner: "few crimes present a greater 'potential risk of physical injury to another' than battery on a law enforcement officer, which necessarily involves an unwanted touching of—and physical confrontation with—an officer of the law."    Id. (quoting § 924(e) and citing Sykes v. United States, __ U.S. __, __, 131 S. Ct. 2267, 2273 (2011)).    Our holding in Turner applies with equal

6

force in the instant case:

> because the risk of serious physical injury attendant to battery on a law enforcement officer renders the crime a potential hotbed of melee and violence, it easily qualifies as a violent felony under the ACCA's residual clause.

Id. at 1341.

As in Turner, the Supreme Court's holding in Johnson does not provide the relevant rule governing Kilgore's status as a career offender.   Rather, the relevant rule governing Kilgore's status as a career offender is Turner's alternative holding with respect to the residual clause.   His battery on a law enforcement officer while physically resisting arrest creates the serious risk of physical injury that "easily qualifies as a violent felony under the . . . residual clause."   Id.

On this basis, we affirm the judgment of the district court.

AFFIRMED.[3]

---

[3] The pending Motion to Vacate the COA is DENIED.